IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JEMILL C. BANTUM | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| ALPHA EQUITIES GROUP and HOWARD G. FORD | : | NO. 18-457 |
| JEMILL C. BANTUM | : | CIVIL ACTION |
| v. | : | |
| ALPHA EQUITIES GROUP LLC and HOWARD G. FORD | : | NO. 18-628 |

## MEMORANDUM

PRATTER, J.                                              FEBRUARY 27, 2018

Currently before the Court are two civil actions filed by plaintiff Jemill C. Bantum against Alpha Equities Group and Howard G. Ford, based on proceedings filed in state court. Ms. Bantum seeks leave to proceed *in forma pauperis* in both cases. For the following reasons, the Court will grant Ms. Bantum leave to proceed *in forma pauperis* and dismiss her cases.

### I. FACTS AND PROCEDURAL HISTORY[1]

#### A. Civil Action Number 17-1933

On April 27, 2017, Ms. Bantum filed a complaint against Alpha Equities Group LLC and a motion to proceed *in forma pauperis*, which were docketed as Civil Action Number 17-1933. The Court granted Ms. Bantum leave to proceed *in forma pauperis* and dismissed her complaint for failure to comply with Federal Rule of Civil Procedure 8(a) and for failure to state a claim

---

[1] The following facts are taken from Ms. Bantum's filings and public dockets for proceedings filed in this Court.

1

because the complaint essentially cited various statutes, defined legal phrases, and asserted various legal conclusions about federal courts, magistrate judges, and sovereign immunity. The Court noted that Ms. Bantum might have been attempting to raise a claim under the Fair Debt Collection Practices Act, but that she failed to provide sufficient facts establishing that Alpha Equities Group violated that, or any other, statute. Ms. Bantum was given leave to file an amended complaint, which she did.

The Court directed service of Ms. Bantum's amended complaint, but ultimately granted Alpha Equities Group's motion to dismiss the complaint for lack of subject matter jurisdiction. The Court explained that, although Ms. Bantum cited various federal laws, she had not set forth a basis for a federal claim sufficient to invoke the Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. As there was also no basis for diversity jurisdiction under 28 U.S.C. § 1332 because the parties were not diverse, the Court lacked jurisdiction over the complaint. Howard G. Ford represented Alpha Group in that case.

### B. Civil Action 18-457

Approximately four months later, Ms. Bantum filed a Complaint against Alpha Group and Mr. Ford, as well as a motion to proceed *in forma pauperis*. Her filings were docketed as Civil Action Number 18-457. The Court denied Ms. Bantum's initial motion to proceed *in forma pauperis* because did not describe how she was supporting herself. The denial was without prejudice to her filing an amended motion to proceed *in forma pauperis* clarifying her financial situation.

On the same day the Court issued its order, Ms. Bantum filed an updated motion to proceed *in forma pauperis*. (Civ. A. No. 18-457, ECF No. 4.) The motion does not describe any income, assets, or finances, but reports that Ms. Bantum is now homeless. It appears that she

because the complaint essentially cited various statutes, defined legal phrases, and asserted various legal conclusions about federal courts, magistrate judges, and sovereign immunity. The Court noted that Ms. Bantum might have been attempting to raise a claim under the Fair Debt Collection Practices Act, but that she failed to provide sufficient facts establishing that Alpha Equities Group violated that, or any other, statute. Ms. Bantum was given leave to file an amended complaint, which she did.

The Court directed service of Ms. Bantum's amended complaint, but ultimately granted Alpha Equities Group's motion to dismiss the complaint for lack of subject matter jurisdiction. The Court explained that, although Ms. Bantum cited various federal laws, she had not set forth a basis for a federal claim sufficient to invoke the Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. As there was also no basis for diversity jurisdiction under 28 U.S.C. § 1332 because the parties were not diverse, the Court lacked jurisdiction over the complaint. Howard G. Ford represented Alpha Group in that case.

### B. Civil Action 18-457

Approximately four months later, Ms. Bantum filed a Complaint against Alpha Group and Mr. Ford, as well as a motion to proceed *in forma pauperis*. Her filings were docketed as Civil Action Number 18-457. The Court denied Ms. Bantum's initial motion to proceed *in forma pauperis* because did not describe how she was supporting herself. The denial was without prejudice to her filing an amended motion to proceed *in forma pauperis* clarifying her financial situation.

On the same day the Court issued its order, Ms. Bantum filed an updated motion to proceed *in forma pauperis*. (Civ. A. No. 18-457, ECF No. 4.) The motion does not describe any income, assets, or finances, but reports that Ms. Bantum is now homeless. It appears that she

because the complaint essentially cited various statutes, defined legal phrases, and asserted various legal conclusions about federal courts, magistrate judges, and sovereign immunity. The Court noted that Ms. Bantum might have been attempting to raise a claim under the Fair Debt Collection Practices Act, but that she failed to provide sufficient facts establishing that Alpha Equities Group violated that, or any other, statute. Ms. Bantum was given leave to file an amended complaint, which she did.

The Court directed service of Ms. Bantum's amended complaint, but ultimately granted Alpha Equities Group's motion to dismiss the complaint for lack of subject matter jurisdiction. The Court explained that, although Ms. Bantum cited various federal laws, she had not set forth a basis for a federal claim sufficient to invoke the Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. As there was also no basis for diversity jurisdiction under 28 U.S.C. § 1332 because the parties were not diverse, the Court lacked jurisdiction over the complaint. Howard G. Ford represented Alpha Group in that case.

### B. Civil Action 18-457

Approximately four months later, Ms. Bantum filed a Complaint against Alpha Group and Mr. Ford, as well as a motion to proceed *in forma pauperis*. Her filings were docketed as Civil Action Number 18-457. The Court denied Ms. Bantum's initial motion to proceed *in forma pauperis* because did not describe how she was supporting herself. The denial was without prejudice to her filing an amended motion to proceed *in forma pauperis* clarifying her financial situation.

On the same day the Court issued its order, Ms. Bantum filed an updated motion to proceed *in forma pauperis*. (Civ. A. No. 18-457, ECF No. 4.) The motion does not describe any income, assets, or finances, but reports that Ms. Bantum is now homeless. It appears that she

because the complaint essentially cited various statutes, defined legal phrases, and asserted various legal conclusions about federal courts, magistrate judges, and sovereign immunity. The Court noted that Ms. Bantum might have been attempting to raise a claim under the Fair Debt Collection Practices Act, but that she failed to provide sufficient facts establishing that Alpha Equities Group violated that, or any other, statute. Ms. Bantum was given leave to file an amended complaint, which she did.

The Court directed service of Ms. Bantum's amended complaint, but ultimately granted Alpha Equities Group's motion to dismiss the complaint for lack of subject matter jurisdiction. The Court explained that, although Ms. Bantum cited various federal laws, she had not set forth a basis for a federal claim sufficient to invoke the Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. As there was also no basis for diversity jurisdiction under 28 U.S.C. § 1332 because the parties were not diverse, the Court lacked jurisdiction over the complaint. Howard G. Ford represented Alpha Group in that case.

### B. Civil Action 18-457

Approximately four months later, Ms. Bantum filed a Complaint against Alpha Group and Mr. Ford, as well as a motion to proceed *in forma pauperis*. Her filings were docketed as Civil Action Number 18-457. The Court denied Ms. Bantum's initial motion to proceed *in forma pauperis* because did not describe how she was supporting herself. The denial was without prejudice to her filing an amended motion to proceed *in forma pauperis* clarifying her financial situation.

On the same day the Court issued its order, Ms. Bantum filed an updated motion to proceed *in forma pauperis*. (Civ. A. No. 18-457, ECF No. 4.) The motion does not describe any income, assets, or finances, but reports that Ms. Bantum is now homeless. It appears that she

was evicted from the property underlying her legal dispute and is currently living elsewhere, as she also filed a notice of change of address.

Ms. Bantum's Complaint in Civil Action Number 18-457 does not contain any clear allegations against the Defendants. Rather, it is comprised of attachments and exhibits. The exhibits suggest that Ms. Bantum is trying to bring a criminal complaint against Alpha Equities Group and Mr. Ford. She lists numerous criminal statutes that she apparently believes were violated, based on her allegation that the "Defendants devised and intended to devise a scheme to steal, unlawfully take land and title property of the plaintiff(s) and to defraud by 'Attorney Trick' . . . ." (Civ. A. No. 18-457, Compl. at ECF No. 1-2 at 11.)

Ms. Bantum also attached to her Complaint a legal memorandum filed in a property case in this district that has no clear relevance to her claims. She also attached a copy of the docket for a mortgage foreclosure proceeding filed by U.S. Bank in state court, to which she was joined as a party, and a copy of the docket for an ejectment proceeding filed against her by U.S. Bank in state court. The dockets reflect that the mortgage foreclosure case was discontinued without prejudice on July 13, 2016, and that the ejectment action was discontinued without prejudice on October 31, 2016. It appears that the property in question was sold to Alpha Equities Group LLC because on October 28, 2016, Alpha Equities Group LLC filed an ejectment action against Ms. Bantum in state court.

### C. Civil Action Number 18-628

On the same day that Ms. Bantum filed her most recent motion to proceed *in forma pauperis* in Civil Action Number 18-457, she filed a new civil action against Alpha Equities Group and Mr. Ford, docketed as Civil Action Number 18-628. Ms. Bantum also seeks to proceed *in forma pauperis* in that case.

3

Ms. Bantum initiated the civil action by filing a "Petition for Declaratory Judgment Under Protective Order '*Special Matter of Interest to Note.*'" The Petition appears to be alleging that the Defendants violated various criminal statutes, the False Claims Act, the Racketeer Influenced and Corrupt Organizations Act, and possibly other statutes. Ms. Bantum seeks an "order certifying certain secured rights usurped by Respondent(s) and his/her covet actions." (Civ. A. No. 18-628, Pet. For Decl. J. Under Protective Order, ECF No. 1-1 at 3.) She attached to her Petition docket sheets from the same state court actions referred to in exhibits in Civil Action Number 18-457.

## II. STANDARD OF REVIEW

Although Ms. Bantum's motions to proceed *in forma pauperis* are sparse on financial information, the Court will allow her to proceed *in forma pauperis* in light of her representation that she is currently homeless. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss Ms. Bantum's cases if her pleadings are frivolous, malicious, or fail to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

4

To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Ms. Bantum is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

#### A. Ms. Bantum's Filings Fail to Comply with Rule 8

Ms. Bantum's Complaint in Civil Action Number 18-457, and her "Petition for Declaratory Judgment Under Protective Order '*Special Matter of Interest to Note*'" in Civil Action Number 18-628 fail to comply with Rule 8. In both cases, Ms. Bantum's pleadings rest predominately on exhibits to state a claim and fail to describe any clear facts that would give rise to a claim. No defendant could be expected to meaningfully respond to Ms. Bantum's pleadings in their current form or to understand the basis for her claims against them. Accordingly, the pleadings fail to comply with Rule 8 and may be dismissed on that basis.

### B. Ms. Bantum's Filings Fail to State a Claim within the Court's Jurisdiction

Although Ms. Bantum's pleadings do not comply with Rule 8, the Court has done its best to try and discern the basis for her claims. It appears that, in both civil actions, Ms. Bantum is primarily attempting to bring federal criminal charges against the defendants. However, there is no legal basis for pursuing any alleged criminal violations here. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[F]ederal courts lack the power to direct the filing of criminal charges."), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam). To the extent Ms. Bantum invokes federal statutes that provide a basis for a civil action, her pleadings are entirely devoid of operative facts, so she has not stated a claim under those statutes. The Court understands her to be pursing claims based on a dispute about property, but Ms. Bantum has not described what the Defendants did or how they violated federal law. If Ms. Bantum intended to raise claims under state law, there is no basis for the Court's jurisdiction over her claims because Ms. Bantum and Alpha Equities Group are not diverse in citizenship for purposes of 28 U.S.C. § 1332.[2] (*See* Civ. A. No. 17-1933, Sept. 25, 2017 Order, ECF No. 4.)

### C. Ms. Bantum's Filings Duplicate Civil Action Number 17-1933

It appears that, at least to some extent, Ms. Bantum's filings duplicate Civil Action Number 17-1933, which was dismissed by this Court without leave to amend. Accordingly, if Ms. Bantum filed Civil Action Numbers 18-457 and 18-628 to resurrect claims that were dismissed in 17-1933, the Court dismisses her claims on that basis.

---

[2] There is also no legal basis for Ms. Bantum to remove her state court proceedings to this Court if that is part of what she sought to accomplish.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Ms. Bantum's cases. Having reviewed all of Ms. Bantum's submissions in her three cases, the Court concludes that amendment would be futile here. An appropriate order follows, which shall be docketed separately.